UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG W., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:24-cv-00913-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5 Complaint.

On August 12, 2013 plaintiff filed an application for SSI alleging a disability onset date of June 6, 2011. AR 1907. The application was denied initially and upon reconsideration. On May 19, 2015 ALJ Ilene Sloan conducted a hearing. AR 99-136. On August 4, 2015 ALJ Sloan issued an unfavorable decision finding plaintiff not to be disabled. AR 167-83. Plaintiff requested review by the appeals council ("AC") and on October 25, 2016 the AC issued an order vacating the prior decision and remanding the case for another administrative hearing. AR 189.

On March 19, 2018 a second hearing was conducted by ALJ Sloane. AR 59-83. On December 4, 2018 ALJ Sloane issued a partially favorable decision finding plaintiff to be disabled as of March 28, 2018 but not prior to that date. AR 31-49. The AC denied review and plaintiff appealed to this Court. On November 25, 2020 the Honorable Brian A. Tsuchida issued an order reversing and remanding the case for further administrative proceedings. 1303-11

On October 5, 2021 a third hearing was held, this one was conducted by ALJ Laura Valente. AR 1231-56. On October 7, 2021 ALJ Valente issued an unfavorable decision finding plaintiff not to be disabled for the period from August 12, 2013 to March 28, 2018. AR 1200-20. Plaintiff appealed this decision to this Court and on January 1, 2023 the Court issued an order reversing and remanding for further proceedings. AR 1995-2010. The AC remanded to the ALJ. AR 1961.

On January 25, 2024 another hearing was conducted by ALJ Valente. AR 1938-58. On March 29, 2024, ALJ Valente issued an unfavorable decision finding plaintiff not to be disabled from August 12, 2013 to March 27, 2018. AR 1904-26. The AC declined the request for review and plaintiff filed this appeal.

The ALJ determined plaintiff had the following severe impairments: multilevel lumbar retrolisthesis, osteoarthritis, degenerative joint disease of the left ankle, tarsal coalition, obesity, bipolar disorder, anxiety disorder, panic disorder, antisocial personality disorder, and posttraumatic stress disorder (PTSD). AR 1910.  The ALJ found plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) with the following additional restrictions:

stand and/or walk 4 hours in an 8-hour workday; occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; frequent bilateral lower extremity pushing/ pulling such as for operation of foot pedals; must avoid concentrated exposure to extreme cold and hazards; simple routine tasks; can work in the same room with coworkers but no coordination of work activity; no work with general public; can interact occasionally with supervisors.

AR 1913. The ALJ determined plaintiff could perform the requirements of representative occupations such as: small parts assembler (light, unskilled, SVP 2) DOT 706.680-22, bottle packer (light, unskilled SVP 2) DOT 920.685-026, inspector hand packager (light, unskilled SVP 2) DOT 599.687-074. AR 1925.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Whether limiting plaintiff to four hours of standing and/or walking required the ALJ to use a sedentary rule as the framework for the disability determination.**

Plaintiff argues that pursuant to Program Operations Manual System (POMS) DI 25015.006E.1.d a sedentary base should have been used for the disability determination because the ALJ limited plaintiff to four hours of standing and/or walking. Dkt. 10 at 5. But, as defendant argues, POMS DI 25015.006E.1.d applies to borderline age cases and does not categorically state that a limitation to four hours standing/walking erodes the occupational base to such a degree that a sedentary framework should invariably be used. *See* Dkt. 13 at 4.

Here plaintiff's RFC was greater than sedentary because plaintiff was able to walk/stand for more than two hours a day; but he was able to do less than the full range of light work because he could walk/stand less than six hours a day. *See* 20 C.F.R. §§ 404.1567(a)-(b); 416.967(a)-(b). The ALJ consulted a vocational expert to determine the work someone with plaintiff's limitations could perform. The ALJ was not required to consider the sedentary framework because plaintiff was limited to standing/walking for hours in an eight hour day.

**2. Whether the ALJ erred at step three**

Plaintiff argues the ALJ erred at step three by concluding plaintiff had only mild limitations in the ability to concentrate. Dkt. 10 at 5-7.

At step three, the ALJ must evaluate the claimant's impairments to decide whether they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d); *Tackett v. Apfel*, 180 F.3d 1094,

1098 (9th Cir. 1999). If they do, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the listings. *Tackett*, 180 F.3d at 1098.

"A generalized assertion of functional problems is not enough to establish disability at step three." *Id*. at 1100 (citing 20 C.F.R § 404.1526). An ALJ "must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal an impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ must evaluate the paragraph B criteria to determine if the severity of the claimant's mental impairments meets or is medically equal to the criteria of a listed impairment. 20 C.F.R. Part 404, Subpart P, Appendix 1. To meet the paragraph B criteria, a claimant must have an extreme limitation in one, or marked limitation of two, of the following areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. pt. 404, subpt P, app. 1 § 1200(E).

Here the ALJ concluded that plaintiff has a mild limitation with regard to concentrating, persisting or maintaining pace on the basis that mental status examinations noted plaintiff was attentive and had a good concentration, plaintiff performed serial seven subtractions, spelled a word correctly forward and backward and performed digit span and retention on a consultative examination, another examiner also noted that he spelled a word backward and performed serial three, he did not consistently present as anxious or labile, and he performed activities of daily living, sometimes for long periods. AR 1912.

Plaintiff argues that the ALJ should have concluded that plaintiff had a marked limitation based on multiple medical opinions that noted marked impairments in this area. Dkt. 10 at 6. However, as discussed below, the ALJ properly discounted those medical opinions. He also challenges the ALJ's reliance on plaintiff's activities of daily living, arguing that although the ALJ noted plaintiff reported doing household chores and cooking daily, these chores were done with his girlfriend helping him and therefore this does not translate into work-like activities. *Id*.

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017). That is, where the evidence is sufficient to support more than one outcome, the Court must uphold the decision the ALJ made. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

Plaintiff points to a note that states '[h]e does his rudimentary ADL's and takes care of his own laundry and cooking and housework along with Diana helping him" and argues that this contradicts the ALJ's conclusion. Dkt. 10 at 6 (citing AR 556). As evidence for her conclusion, the ALJ cited a function report completed by plaintiff. AR 1912 (citing AR 378-85). In the function report plaintiff wrote "I do my own laundry" and "I cook for myself every day. A Sunday meal can take 3-4 hours." AR 380.

The ALJ reasonably concluded based on plaintiff's function report that the activities of daily living did not support a greater limitation than mild; the fact that it was

also noted that plaintiff may have done these activities with his girlfriend does not undermine this conclusion.

Therefore the ALJ did not err at step three in concluding that plaintiff had a mild limitation with regard to concentrating, persisting, or maintaining pace.

### 3. Whether the ALJ erred in evaluating the medical evidence

Plaintiff challenges the ALJ's evaluation of Dr. Andrew Weir, M.D., Dr. David Schilling, M.D., Dr. Myrna Palasi, M.D., Dr. Patricia Kraft, Ph.D., Dr. Diane Fligstein, Ph.D., Dr. Carl Epp, and Dr. Sylvia Thorpe, Ph.D. Dkt. 10 at 8-12.

Plaintiff filed their application[s] prior to March 27, 2017, therefore under the applicable regulations, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831 (citations omitted).

7

1  However, "it may constitute substantial evidence when it is consistent with other
2  independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th
3  Cir. 2001) (citing *Magallanes, supra,* 881 F.2d at 752). "In order to discount the opinion
4  of an examining physician in favor of the opinion of a non-examining medical advisor,
5  the ALJ must set forth specific, *legitimate* reasons that are supported by substantial
6  evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing
7  *Lester,* 81 F.3d at 831).

- Dr. Andrew Weir, M.D.

On July 8, 2017 Dr. Weir examined plaintiff. AR 1053-57. He diagnosed plaintiff with osteoarthritis left ankle with history of ruptured achilles tendon, chronic lumbosacral strain, and status post excision of lipoma right upper arm. AR 1057. He opined that plaintiff is capable of standing and/or walking for two hours in an eight-hour day but was not restricted in sitting. *Id*. He stated that the use of a cane is medically necessary for all ambulation. *Id*. He opined that plaintiff can engage in postural activities occasionally. *Id*. He opined no restrictions in all other activities, no restrictions in manipulative activities, and no workplace environmental restrictions. AR 1057.

The ALJ gave partial/some weight to Dr. Weir's opinion on the basis that the stand/walk limitations were out of proportion with the physical limitations, his presentation with a cane and limp was not routinely observed by providers. AR 1920. The ALJ did give weight to the lifting/carrying, sitting, and postural limitations. *Id*.

Plaintiff argues that discounting Dr. Weir's opinion on the basis that plaintiff was able to balance on each leg and perform a partial squat was not a proper reason for discounting the opined postural limitations. Dkt. 10 at 8. He also states that the fact that

1  a cane was determined to be medically necessary was not included in the RFC
2  determination. *Id*.
3     Defendant argues that the ALJ specifically gave weight to Dr. Weir's postural
4  limitations, the ALJ's statement was in direct reference to the examination findings, and
5  the ALJ reasonably discounted Dr. Weir's opinion due to the identified inconsistencies.
6  Dkt. 13 at 8.
7     Here plaintiff's challenge regarding the postural limitations is unclear; the ALJ
8  credited the postural limitations opined by Dr. Weir and incorporated them into the RFC.
9  *See* AR 1057 ("In my opinion he can engage in [postural] activities occasionally"); *see*
10 *also* AR 1913 (limiting plaintiff to occasional balancing, stooping, kneeling, crouching,
11 crawling, and climbing ramps and stairs).
12    The ALJ determined that Dr. Weir's opinion that plaintiff was capable of walking
13 for two hours a day was out of proportion with the examination, specifically the normal
14 strength and sensation, ability to stand on toes and heels, balance on each leg, perform
15 a partial squat, sit comfortably throughout, remove and replace shoes, socks, ankle
16 brace, and knee brace, arise from a chair and get on and off the exam table  and return
17 to sitting position from supine without assistance. AR 1920. An ALJ may discredit an
18 opinion for internal inconsistency. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.
19 2001).
20    Yet the ALJ must consider the context of the opinion in the record, including
21 observation and treatment notes. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).
22 In assessing the stand/walk limitations the ALJ considered the record as a whole and
23 determined that examinations consistently noted generally intact range of motion,

strength, and sensation, and plaintiff has been able to ambulate independently, balance on each leg, and stand on toes and heels. AR 1915. Therefore, she concluded that the RFC, which limited plaintiff to standing/walking four hours in an eight hour day, appropriately accommodated plaintiff's limitations. *Id*.

Additionally, plaintiff states that the fact that a cane was determined to be medically necessary was not included in the RFC; yet, the ALJ discounted plaintiff's need for a cane and plaintiff does not challenge any of the bases that the ALJ provided for doing so. The ALJ stated that the cane was provided at plaintiff's request and for a limited duration only. AR 1920. The record supports this conclusion; on March 30, 2017 a provider notes states "would like cane prescription." AR 879.

Plaintiff is also unable to show that any error in not including a cane in the RFC would be harmful; plaintiff's counsel asked the VE at the hearing whether the addition of a cane and ankle brace would impact the jobs identified by the VE and the VE testified that "normally it doesn't have that much of an impact." AR 1955.

Therefore, the ALJ did not err in discounting Dr. Weir's opinion.

- Dr. David Shilling, M.D.

On May 5, 2015 Dr. Shilling examined plaintiff and completed a DSHS physical and functional evaluation form. AR 771-74. He completed an assessment and diagnosed plaintiff with chronic lumbar strain, DJD R knee, and bilateral foot/ankle DJD. AR 772. He rated the severity of these conditions at 3 out of 5 or moderate. *Id*. He opined that these conditions impacted the following work activities: sitting, standing, walking, lifting, carrying, stooping, and crouching. *Id*. He also diagnosed plaintiff with

agoraphobia with a severity rating of four or marked. *Id*. He opined that plaintiff was severely limited – unable to meet the demands of sedentary work. AR 773.

On May 11, 2015, Dr. Shilling completed a form where he opined limitations and abilities. AR 802. He opined plaintiff could stand for 60 minutes at a time and four hours in a workday, could sit for 15 minutes at a time and four hours in a workday, could lift 20 pounds on an occasional basis and 10 pounds frequently, and opined no need to elevate legs during an eight hour workday. *Id*.

The ALJ gave little weight to these opinions, stating that Dr. Shilling failed to provide narrative explanations or objective support on the forms, the findings on exam were mostly normal, they were inconsistent with the longitudinal record, and the findings were based in part on the mental diagnosis of agoraphobia which would not cause physical limitations. AR 1920-21.

Plaintiff argues that the ALJ erred because Dr. Shilling did not base his opinions on one day but rather on the longitudinal record, and the ALJ did not explain why there was no limitation for plaintiff's mental health limitations that were not in conflict with the other examining and reviewing providers. Dkt. 10 at 9-10.

As to the ALJ's first reason, an ALJ may "permissibly reject[]...check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)). Dr. Shilling did not provide any basis for the opined limitations. *See* AR 772-73. Therefore, this was a proper reason for discounting Dr. Shilling's opinion.

11

1       Plaintiff argues that the forms and treatment records over the relevant time period support Dr. Shilling's opinions, however, the ALJ determined that these records were inconsistent with the May 2015 records and plaintiff does not identify any evidence from Dr. Shilling's treatment notes that the ALJ failed to consider. *See* AR 1921 (citing AR 4538-49, 562-82, 657-72, 807-16). The ALJ specifically concluded that the records reflected only conservative treatment such as the use of braces and orthodontics, which was not reflective of the extreme limitations opined. AR 1920-21. The Ninth Circuit has held that conservative treatment is a specific and legitimate reason to discount a treating physician's opinion. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 2001).

       Furthermore, plaintiff does not challenge the ALJ's determination that the objective findings of Dr. Shilling do not support the extreme limitations opined. *See* AR 1920. The ALJ summarized the objective findings and determined that they were mostly normal with mild to moderate findings at most. The quality of a doctor's explanation and amount of support it has from clinical findings are important factors in weighing the doctor's opinions. 20 C.F.R. § 404.1527(c)(3).

       Plaintiff also challenges the ALJ's assessment of his agoraphobia. Dkt. 10 at 9. The ALJ did not credit Dr. Shilling's diagnosis of agoraphobia because it is a mental condition that did not cause physical limitations. AR 1921. The Court will not address this argument because it has already determined that at least one of the reasons for discounting Dr. Shilling's opinion is a valid reason, supported by substantial evidence. Even if the ALJ did err by not including this limitation, any error would be harmless.

*Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless if "the ALJ's decision remains legally valid, despite such error.").

- Dr. Myrna Palasi, M.D.

On March 6, 2017 Dr. Palasi completed a review of medical evidence. AR 955-56. She opined that plaintiff continued to be debilitated by chronic pain from his conditions, and that he was unable to complete a 40-hour workweek; she recommended a less than sedentary RFC and a severity rating of 5 for bilateral ankle DJD and L knee DJD. AR 955.

The ALJ gave this opinion no weight because Dr. Palasi did not examine plaintiff and only reviewed the DSHS form which the ALJ determined was not well supported or consistent with the overall record. AR 1921.

Plaintiff argues that the ALJ's reason for discounting Dr. Palasi's opinion was inconsistent with the ALJ's discussion of state agency consultants' opinions, because the state agency consultants also did not examine plaintiff. Dkt. 10 at 9-10.

Defendant argues that the ALJ reasonably discounted Dr. Palasi's opinion for the same reasons she provided for giving little weight to Dr. Shilling's opinion, including inconsistency with the record and lack of support. Dkt. 13 at 9, n. 1.

Dr. Palasi based her opinion on a review of the opinions of Dr. Anderson and Dr. Shilling. Plaintiff does not challenge the ALJ's assessment of Dr. Anderson's opinion and the Court has already determined that the ALJ did not err in discounting Dr. Shilling's opinion. Therefore, this was a valid reason for discounting Dr. Palasi's opinion, Accordingly, any error in other reasons offered would be harmless. *Carmickle*, 533 F.3d at 1162.

- State Agency Reviewing Consultants

At the initial level Dr. Kraft completed a mental residual capacity assessment. AR 147-49. She opined that plaintiff was moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 148. She opined he was not significantly limited in all other sustained concentration and persistence limitation categories. *Id*. She opined he was markedly limited in the ability to interact with the general public and moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors and the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. AR 148. She opined that plaintiff was not significantly limited in all other social interaction limitation categories. *Id*. At the reconsideration level Dr. Fligstein opined the same limitations. AR 162-63.

The ALJ gave these opinions significant weight on the basis that they accounted for limitations arising from plaintiff's mental impairments and were consistent with the record. AR 1921-22.

Plaintiff argues that the ALJ cited to a cherry-picked list of exhibits of unremarkable status exams, some of which were outside the period at issue. Dkt. 10 at 10. He also argues that the ALJ did not include any limitation in the RFC for time off-task or absences despite giving these opinions great weight. *Id*.

Plaintiff does not present any error for the Court to review regarding the exhibits the ALJ cited to in assessing the state agency reviewing consultants' opinions; he states that the ALJ erred in citing to "cherry-picked" exhibits and relying on some status exams

outside the period at issue, however, he does not show how the alleged error affected the outcome of the ALJ's analysis. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citation omitted) (" '[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.' ").

As for plaintiff's argument that the ALJ failed to account for the consultants' opinion that plaintiff could persist for two hours at a time, plaintiff has again failed to show error. A normal work day includes breaks every two hours, as recognized by the social security administration. *See* Social Security Ruling (SSR) 96-9p (recognizing morning break, lunch period, and afternoon break at 2-hour intervals); *see also* SSR 83-12; *James B. v. Berryhill*, No. 17-cv-06794-TSH, 2019 WL 1275344 (N.D. Cal. Mar. 20, 2019) ("the ALJ did not need to specify that Plaintiff could concentrate for two-hour intervals because the RFC included 'normal breaks' which occur every two hours, and no additional two-hour restriction was necessary.").

Therefore, the ALJ did not err in evaluating Dr. Kraft and Dr. Fligstein's opinions.

- Dr. Carl Epp

On June 2, 2013 Dr. Epp evaluated plaintiff and completed a psychological/ psychiatric evaluation form. AR 489-93. He diagnosed plaintiff with panic disorder with agoraphobia, posttraumatic stress disorder, unspecified behavior and related disorder, antisocial personality disorder, major problems with both ankles, low back problems, lump in right bicep, occupational, educational, economic, social self support problems. AR 490. He opined moderate and mild limitations in all basic work activity categories. AR 491. He opined that plaintiff's memory, fund of knowledge, concentration, and insight and judgment were not within normal limits. AR 492-93.

On February 28, 2017 Dr. Epp completed a second psychological/psychiatric evaluation form. AR 957-61. He opined marked limitations in the following basic work activities: understand, remember, and persist in tasks by following very short and simple instructions; understand, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; learn new tasks; complete a normal work day and work week without interruptions from psychologically based symptoms and; set realistic goals and plan independently. AR 959.

The ALJ gave Dr. Epp's 2013 opinion some weight on the basis that the examination was performed prior to the amended alleged onset date, limitations based on this report were less reliable because Dr. Epp observed that plaintiff's self report cannot be accepted at face value, and plaintiff's presentation during this evaluation was not consistent with other normal mental status exams. AR 1922.

The ALJ gave Dr. Epp's 2017 opinion little weight, because Dr. Epp failed to provide narrative explanation or support for the limitations assessed, the findings noted on the mental status examination were inconsistent with findings noted by providers during numerous evaluations, and Dr. Epp did not note the reliability of plaintiff's self reports although he had noted that during the previous evaluation. AR 1922.

Plaintiff argues that the 2013 opinion should have been given little weight because it is remote in time, and inconsistent with the current evaluations. Dkt. 10 at 11. The Ninth Circuit has held that evidence that predates the alleged onset date is of limited value, however, the ALJ is required to evaluate all medical opinion evidence in the record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.

1  2008), "[t]he ALJ must consider all medical opinion evidence," which can include
2  evidence from before the alleged onset date. *Tommasetti v. Astrue*, 533 F.3d 1035,
3  1041 (9th Cir. 2008). The ALJ did not err in giving some weight to this opinion even
4  though the evaluation was two months before the alleged date of onset. Furthermore,
5  while plaintiff argues that the 2017 opinion was more pertinent, he does not challenge
6  the ALJ's reasons for discounting it. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir.
7  2012)

- Dr. Sylvia Thorpe, Ph.D.

On April 27, 2015 Dr. Thorpe evaluated plaintiff and completed a psychological/ psychiatric evaluation form. AR 775-83. She diagnosed PTSD, breathing related sleep disorder, social anxiety disorder, rule out bipolar disorder, current phase depressed. AR 780. She opined a GAF rating of 45. *Id*. Dr. Thorpe opined that plaintiff had marked limitations in the following: work safely—aware of normal hazards, take precautions; ask simple questions/ request assistance; communicate/perform—work setting; do normal work week w/o symptoms interruption. AR 781-82. She opined moderate or none/mild limitations in every other category. *Id*.

The ALJ gave this opinion little weight and stated that Dr. Thorpe did not provide any narrative explanation or support for the limitations, and Dr. Thorpe included a GAF score of 45 without any support. AR 1923. The ALJ determined that the marked limitations in social functioning were consistent with the medical evidence and plaintiff's allegations; but the ALJ found the other marked limitations were inconsistent with mental status examinations that noted intact memory and attention as well as appropriate behavior with providers. AR 1924. The ALJ also found the fact that plaintiff

indicated he was interested in DVR to find work in another industry to be inconsistent with the marked limitations. *Id*.

Plaintiff argues that the ALJ erred in finding that there was no mental status examination and points to where it can be found in the record. Dkt. 10 at 11. Plaintiff also contends that Dr. Thorpe did provide an explanation for her opinion in the clinic notes and Dr. Thorpe provided a lengthy note supporting the basis of the GAF score. *Id*. at 11-12.

Plaintiff points to Dr. Thorpe's note which reads: "clearly has post traumatic stress disorder, symptoms meet DSM-IV criteria, Also like insomnia, Rule out bipolar disorder, form [sic] his description sounds like mom may be Bipolar as well" as an explanation provided by Dr. Thorpe for her conclusions. Dkt. 10 at 11 (citing AR 780). However, this does not explain the limitations opined by Dr. Thorpe, but rather reiterates the diagnoses listed elsewhere in the evaluation. *See* AR 780. The basis for the GAF provided similarly does not provide information about the functional limitations opined by Dr. Thorpe. *See id*.

This was an appropriate reason to discount Dr. Thorpe's opinion; a finding that a physician's opinion is not well explained can serve as a specific and legitimate reason for discounting that opinion. *See* 20 C.F.R. § 404.1527(c)(3) (The better an explanation a source provides for the medical opinion, the more weight the Social Security Administration will give that opinion).

The ALJ also pointed to numerous normal findings on examination which she determined to be inconsistent with Dr. Thorpe's opinion. AR 1923 (citing 523, 611-12, 623-24, 678-79, 696-97, 704-5, 712-13, 724-25, 736-37, 822-23, 825-26, 827-28, 831-

1    32, 1006-07, 1013-14, 1024-25, 1029-30, 1041-42, 1046, 1111-17). This was a proper

2    reason to discount Dr. Thorpe's opinion. *See* 20 C.F.R 404.1527(c)(4), 416.627(c)(4);

3    *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

4          Because the ALJ offered valid reasons, supported by substantial evidence for

5    discounting Dr. Thorpe's opinion, any error in the remaining reasons offered would be

6    harmless. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir.

7    2008)

8          **4. Plaintiff's statements regarding symptoms and limitations**

9          Plaintiff challenges the ALJ's assessment of his subjective testimony. Dkt. 10 at

10   12. Plaintiff argues only that because the ALJ erred in evaluating the medical evidence,

11   the reasons for discounting his testimony were not clear and convincing. Dkt. 10 at 12.

12         The ALJ's determinations regarding a claimant's statements about limitations

13   "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722

14   (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).  In

15   assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has

16   presented objective medical evidence of an underlying impairment. If such evidence is

17   present and there is no evidence of malingering, the ALJ can only reject plaintiff's

18   testimony regarding the severity of his symptoms for specific, clear, and convincing

19   reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v.

20   Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

21          "Contradiction with the medical record is a sufficient basis for rejecting the

22   claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

23   1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th

Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

Here the Court has already determined that the ALJ did not err in evaluating the medical evidence. Therefore, plaintiff has not shown error. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed</u>.

Dated this 17th day of April 2025.

Theresa L. Fricke
United States Magistrate Judge